UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 16-cv-23812

MARIA ERMINA ZELAYA ABRIGO and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

v.

SUMMIT NURSING SERVICES, INC.,
MELVA BARRETT,
BANVILLE BARRETT,
RICHARD THELWELL,

        Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, SUMMIT NURSING SERVICES, INC. ("SUMMIT"), MELVA BARRETT, BANVILLE BARRETT, and RICHARD THELWELL, through the undersigned counsel, files and serves their Answer and Affirmative Defenses to Plaintiff, MARIA ERMINA ZELAYA ABRIGO's First Amended Complaint and state, as follows:

1. Defendants admit that Plaintiff purports to bring claims under the Fair Labor Standards Act 29 U.S.C. §§ 201 -216, but Defendants deny that Plaintiff may bring such actions and deny any inference of wrongdoing on their part.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint.

3. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

4. Defendants admit that Melva Barrett is a corporate officer/owner of SUMMIT. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

5. Defendants admit that Banville Barrett is a corporate officer of SUMMIT. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

6. Defendants admit that Richard Thelwell is a corporate officer of SUMMIT. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

7. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. Defendants admit that Plaintiff purports to bring claims under the laws of the United States, specifically 29 U.S.C. 216(b). Defendants deny that this action can be maintained as a collective action under 29 U.S.C. § 216(b), and deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

9. Defendants admit that this Court has subject matter jurisdiction over Plaintiff's Complaint. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

10. Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no response is due, 29 U.S.C § 207(a)(1) speaks for itself. To the extent, a response is deemed necessary, Defendants deny that they have violated the FLSA, any other applicable law or regulation. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

11. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

12. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

13. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

14. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

15. Paragraph 15 of Plaintiff's Complaint contains legal conclusions to which no response is due, 29 U.S.C § 203(s)(1)(B) speaks for itself. To the extent, a response is deemed necessary, Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

16. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

17. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

18. Paragraph 18 of Plaintiff's Complaint contains legal conclusions to which no response is due, 29 C.F.R. 785.22 speaks for itself. To the extent, a response is deemed necessary, Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

19. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

20. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

In response to the "WHEREFORE" paragraph of COUNT I of Plaintiff's Complaint Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

Defendants reaver, reallege, and incorporate by reference their responses and defenses to paragraph 1-20 as if fully incorporated herein.

21. Paragraph 21 of Plaintiff's Complaint contains legal conclusions to which no response is due, 29 U.S.C. § 206 (a)(1) speaks for itself. To the extent, a response is deemed necessary, Defendants admit that the Federal minimum wage was raised to $5.85/hr. on July 24, 2008, $6.55/hr. on July 24, 2008 and $7.25 on July 24, 2009. Defendants deny

any violation of the Federal Minimum Wage. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

22. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

23. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

24. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

In response to the "WHEREFORE" paragraph of COUNT II of Plaintiff's Complaint Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATION

Defendants reaver, reallege, and incorporate by reference their responses and defenses to paragraph 1-20 as if fully incorporated herein.

25. Paragraph 25 of Plaintiff's Complaint contains legal conclusions to which no response is due, Florida Statute §448.110 (3) speaks for itself. To the extent, a response is deemed necessary, Defendants deny any violations of the Florida Minimum Wage Act.

26. Paragraph 26 of Plaintiff's Complaint contains legal conclusions to which no response is due, Florida Statute §448.110 (4)(a) speaks for itself. To the extent, a response is deemed necessary, Defendants deny any violations of the Florida Minimum Wage Act.

27. Paragraph 25 of Plaintiff's Complaint contains legal conclusions to which no response is due, Fed. R. Civ. P 5(b)(1) speaks for itself. To the extent, a response is deemed necessary, Defendants deny any violations of the Florida Minimum Wage Act.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint.

29. Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

30. Paragraph 30 of Plaintiff's Complaint contains legal conclusions to which no response is due, Florida Statute §448.110 (6)(b) speaks for itself. To the extent, a response is deemed necessary, Defendants admit that as of the date of the filing of Plaintiff's Amended Complaint the Plaintiff and the Defendants have not been able to resolve Plaintiff' Florida Minimum Wage Complaint.

31. Paragraph 31 of Plaintiff's Complaint contains legal conclusions to which no response is due. To the extent, a response is deemed necessary, Defendants admit that the Florida's minimum wage was raised to $6.15/hr. on May 2, 2005, $6.40/hr. on January 1, 2006, $6.79 on January 1, 2007, $7.21 on January 1, 2009, $7.31 on January 1, 2011, $7.67 on January 1, 2012, $7.79 on January 1, 2013, $7.93 on January 1, 2014, $8.05 on January 1, 2015, and $8.10 on January 1, 2017. Defendants deny any violation of the Florida Minimum Wage Act or the Fair Labor Standards Act. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

32. Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

33. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

34. Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

In response to the "WHEREFORE" paragraph of COUNT III of Plaintiff's Complaint Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

At no time was Plaintiff an employee of Defendants pursuant to the minimum wage law or overtime regulations of the FLSA or the Florida Minimum Wage Act.

### SECOND DEFENSE

Plaintiff is exempt from the minimum wage provision of the FLSA.

### THIRD DEFENSE

Plaintiff is exempt from being paid overtime any week that she may have worked over 40 hours.

### FOURTH DEFENSE

Plaintiff is foreclosed from recovering time and one-half for any hours worked for any weeks in which she did not work more than 40 hours during the week.

### FIFTH DEFENSE

Defendant avers that any violation of federal minimum wage or overtime requirements occurred in good faith, with reasonable grounds on Defendant's part to believe it was not violating the FLSA, and was not "willful" under the Portal to Portal Pay Act or otherwise.

### SIXTH DEFENSE

All, or part, of the time for which Plaintiff seeks compensation does not constitute compensable working time within the meaning of the Fair Labor Standards Act.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are de minimus, and therefore, noncompensable.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims or those that she purports to represent and the relief sought are barred by the equitable doctrines of waiver, estoppel, and/or failure to mitigate damages.

**NINTH DEFENSE**

Plaintiff is not similarly situated to any of those persons she purports to represent in a collective or class action under § 216(b) of the FLSA or Florida state law.

**TENTH DEFENSE**

Plaintiff has not alleged claims sufficient to bring a class or collective action under §216(b) of the Fair Labor Standards Act.

**ELEVENTH DEFENSE**

Plaintiff's allegations on behalf of other individuals are barred in part by the applicable statute of limitations and/or laches.

**TWELFTH DEFENSE**

Plaintiff is estopped from bringing this action by virtue of her unclean hands.

**THIRTEENTH DEFENSE**

Allegations on behalf of others besides the Plaintiff are due to be stricken under the Portal to Portal Act.

**FOURTEENTH DEFENSE**

Defendants deny that Plaintiff has shown that others who are similarly situated wish to join this action.

## **FIFTEENTH DEFENSE**

Plaintiff has not properly consented to become a party plaintiff to a collective action under the FLSA.

## **SIXTEENTH DEFENSE**

Defendants deny all allegations not expressly admitted herein and reserve the right to amend this answer.

## **SEVENTEENTH DEFENSE**

Defendants are not employers as defined by the FLSA.

## DEMAND FOR JURY TRIAL

DEFENDANTS HEREBY demand a trial by jury of all issues so triable.

Respectfully submitted,

By:_ /s/ Brandon J. Gibson Brandon J. Gibson, Esq.
Fla. Bar No.: 99411
Email: bgibson@bjglawfirm.com
THE LAW OFFICE OF BRANDON J. GIBSON, PLLC
3800 Inverrary Blvd., Ste. 401-T
Lauderhill, Florida 33319
Telephone: (754) 229.1151

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Brandon Gibson**

## SERVICE LIST

### MARIA ERMINA ZELAYA ABRIGO v. SUMMIT NURSING SERVICES, INC., MELVA BARRETT, BANVILLE BARRETT, RICHARD THELWELL
Case No.16-cv-23812
**United States District Court, SOUTHERN District of Florida**

| | |
|---|---|
| Brandon Gibson | K. David Kelly |
| E-Mail:bgibson@bjglawfirm.com | E-Mail: david.kelly38@rocketmail.com |
| THE LAW OFFICE OF BRANDON J. GIBSON, PLLC | Rivhak Fay Jaff |
| 3800 Inverrary Blvd., Suite 401-T | E-Mail: Rivkah.Jaff@gmail.com |
| Lauderhill, Florida  33319 | Stephen Michael Fox, Jr. |
| Telephone: (754) 229-1151 | E-Mail: Stephen.fox.esq@gmail.com |
| | Jaimie H. Zidell |
| *Counsel for Defendant(s)* | E-Mail: zabaogado@aol.com |
| | J.H. Zidell, PA |
| | 300 71st Street, Suite 605 |
| | Miami Beach, FL 33141 |
| | Telephone: (305) 865-6766 |
| | Facsimile: (305) 865-7167 |
| | *Counsel for Plaintiff(s)* |