UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23812-CIV-JAL

MARIA ERMINA ZELAYA ABRIGO and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

SUMMIT NURSING SERVICES, INC.,
MELVA BARRETT,
BANVILLE BARRETT,
RICHARD THELWELL,

Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT BY THE CLERK AS TO ONLY DEFENDANT SUMMIT NURSING SERVICES, INC.**[1]

COMES NOW THE PLAINTIFF, BY AND THROUGH COUNSEL, AND STATES:

As indicated by the deadline set forth in [DE48] on the docket, Defendant, SUMMIT NURSING SERVICES, INC., was required to hire new counsel (as evidenced by a notice of appearance on the docket) until and including May 12, 2017. *See also, Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Defendant, SUMMIT NURSING SERVICES, INC., has not complied with the Court's Order [DE48] and should be defaulted regarding the Complaint.

**MEMORANDUM OF LAW**

Defendant, SUMMIT NURSING SERVICES, INC., was served on November 1, 2017 [DE11] under Fed. R Civ. P. Rule 4. As a corporate entity, Defendant Summit Nursing Services, Inc. is prohibited from proceeding *pro se*. *See, Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385

[1] The individual Defendant, Melva Barrett, has filed a Suggestion of Bankruptcy [DE51] and this Motion is in no way intended to violate the stay.

(11th Cir. 1985). The Corporate Defendant has failed to comply with the Court's Order [DE48]. A clerk's default ought therefore be entered pursuant to Fed. R Civ. P. 55 as to only Defendant, SUMMIT NURSING SERVICES, INC.

WHEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THE CLERK TO ENTER A DEFAULT AGAINST ONLY THE DEFENDANT, SUMMIT NURSING SERVICES, INC., IN RELATION TO THE COMPLAINT [DE31].

**CERTIFICATE OF CONFERRAL**

No Defendants and/or counsel have appeared as of the date of filing.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF AND U.S. MAIL ON 5/15/17 TO:**

**ALL CM/ECF RECIPIENTS**

**(U.S. MAIL)**
**SUMMIT NURSING SERVICES, INC.**
**C/O REGISTERED AGENT: MELVA BARRETTE**
**6047 KIMBERLY BLVD., SUITE Q**
**NORTH LAUDERDALE, FL 33068**

**MELVA BARRETT**
**2000 BANKS RD., SUITE 220**

**MARGATE, FL 33063**

**BY:___/s/___Rivkah Jaff______________**
**RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23812-CIV-JAL

MARIA ERMINA ZELAYA ABRIGO and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

SUMMIT NURSING SERVICES, INC.,
MELVA BARRETT,
BANVILLE BARRETT,
RICHARD THELWELL,

Defendants.

**CLERK'S DEFAULT JUDGEMENT**
**AS TO ONLY DEFENDANT SUMMIT NURSING SERVICES, INC.**

Presently pending before the Clerk is Plaintiff's Motion for Entry of Default by the Clerk as to Only Defendant, SUMMIT NURSING SERVICES, INC., ("Plaintiff's Motion"). As indicated by [DE48] on the docket, Defendant, SUMMIT NURSING SERVICES, INC., was required to hire new counsel (as evidenced by a notice of appearance on the docket) until and including May 12, 2017. *See also*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Defendant, SUMMIT NURSING SERVICES, INC., has not complied with the Court's Order [DE48] and should be defaulted regarding the Complaint. Therefore a Clerk's Default Judgment pursuant to Fed. R Civ. P. 55 is hereby **ENTERED** against only Defendant, SUMMIT NURSING SERVICES, INC., as to the Complaint [DE31].

**DONE AND ENTERED** at Miami, Florida, this ___ day of ________ 2017.

______________________________
**DEPUTY CLERK**

**CC: COUNSEL OF RECORD VIA CM/ECF**

**SUMMIT NURSING SERVICES, INC.**
**C/O REGISTERED AGENT: MELVA BARRETTE**
**6047 KIMBERLY BLVD., SUITE Q**
**NORTH LAUDERDALE, FL 33068**

**MELVA BARRETT**
**2000 BANKS RD., SUITE 220**
**MARGATE, FL 33063**