UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23812-CIV-JAL

MARIA ERMINA ZELAYA ABRIGO and all )
others similarly situated under 29 U.S.C. )
216(b), )
              )
    Plaintiff, )
 vs. )
              )
SUMMIT NURSING SERVICES, INC., )
MELVA BARRETT, )
BANVILLE BARRETT, )
RICHARD THELWELL, )
              )
    Defendants. )
_____ )

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [DE53][1]**

  COMES NOW the Plaintiff, by and through undersigned counsel, and files her Response to the Court's Order to Show Cause [DE53] and in support thereof states as follows:

1. On May 12, 2017, Defendant Melva Barrett filed a Suggestion of Bankruptcy indicating that the individual Defendant has filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. [DE51].

2. Pursuant to 11 U.S.C. § 362, certain actions against **only** Melva Barrett are automatically stayed by virtue of the bankruptcy filing.

3. Because only the individual Defendant, Melva Barrett, has apparently filed a Chapter 7 Bankruptcy Petition an automatic stay is not justified as to the Corporate Defendant, SUMMIT NURSING SERVICES, INC.

---

[1] The undersigned has review the Petition that Defendant Melva Barrett filed in her Bankruptcy matter (Case No.: 17-15991-RBR) and she has not yet filed her schedules listing creditors. Plaintiff will review same on or about May 26, 2017, to ensure that Plaintiff and/or J.H. Zidell, P.A., have been listed as a creditor.

4. An automatic stay would permit the Corporate Defendant to avoid its wage debt and such a delay of Plaintiff's wages would be unjust. Moreover, allowing the Corporate Defendant to benefit from the individual Defendant's Bankruptcy Petition would nullify the purpose of joint enterprise liability which is unique under the FLSA.

5. Therefore, Plaintiff respectfully requests this matter be stayed only as to the individual Defendant, Melva Barrett, and for Plaintiff to otherwise proceed as to the Corporate Defendant, SUMMIT NURSING SERVICES, INC., in this matter.

## MEMORANDUM OF LAW

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status.  *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.  *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).  *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013). Plaintiff has sufficiently plead in the operative Complaint that the Corporate Defendant, SUMMIT NURSING SERVICES, INC., was the "employer" of Plaintiff and was responsible for compliance with the FLSA (the corporation is a separate Defendant that did not file for bankruptcy protection and is not entitled to benefit from a stay).

The individual Defendant will not need to defend this action. Defendants cannot argue that the individual Defendant is the only real party defendant. *Peterson v. Avantair, Inc*., 2013 WL 4506414 (M.D. Fla. 2013). With respect to *A.H. Robins Co., Inc.,* this Court has found that "there are certain circumstances where postponement itself is an injustice, such as where a party specifically bargains for the concession of a personal guaranty so as to ensure *timely* payment of a debt, or, as in this case, clear title to real property." *A.H. Robins Co., Inc. v. Piccinin*, 788 F. 2d 994, 999 (4th Cir. 1986); *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 736 (S.D. Fla. 2010). A stay as to the Corporate Defendant, in the case at bar, would cause a delay in prosecution to Plaintiff's detriment, and would prejudice her wage claim and collection.

In the case at bar, permitting the Corporate Defendant to avoid its wage debt is no different than the "injustice" referenced by *Lerner*.  In other words, implementing a stay or otherwise allowing the Corporate Defendant to benefit from the individual Defendant's Bankruptcy Petition to delay payment of Plaintiff's wages would be unjust,   and, moreover, such would nullify the purpose of individual FLSA which is unique under the FLSA (and alleviates the need to pierce the corporate veil through a high-threshold, such as fraud).

If the Court allows corporate defendant-employers to usurp the FLSA by benefitting from an individual's bankruptcy petition, such would nullify the unique enforcement power of the statute which ensures that employers cannot simply escape liability for wage violations by causing the company to become a defunct shell.

WHEREFORE PLAINTIFF SO RESPONDS THAT A STAY SHOULD BE ENTERED ONLY AS TO THE INDIVIDUAL DEFENDANT, MELVA BARRETT, AND FOR PLAINTIFF TO OTHERWISE PROCEED AS TO THE CORPORATE DEFENDANT, SUMMIT NURSING SERVICES, INC., IN THIS MATTER.[2]

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___
           Rivkah F. Jaff, Esquire
           Florida Bar No.: 107511

---

[2] Plaintiff has moved for the entry of a Clerk Default as to the Corporate Defendant only. *See,* [DE52].

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF AND U.S. MAIL ON 5/15/17 TO:**

**ALL CM/ECF RECIPIENTS**

**(U.S. MAIL)
SUMMIT NURSING SERVICES, INC.
C/O REGISTERED AGENT: MELVA BARRETTE
6047 KIMBERLY BLVD., SUITE Q
NORTH LAUDERDALE, FL 33068**

**MELVA BARRETT
2000 BANKS RD., SUITE 220
MARGATE, FL 33063**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**